IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| EVAN K. LOWTHER, #A1039758,<br><br>　　　　　Petitioner,<br><br>　　vs.<br><br>STATE OF HAWAII,<br><br>　　　　　Respondent. | Civil No. 20-00401 JAO-RT<br><br>ORDER TO SHOW CAUSE AND DISMISSING PETITION WITH LEAVE TO AMEND |

**ORDER TO SHOW CAUSE AND
DISMISSING PETITION WITH LEAVE TO AMEND**

Before the Court is pro se Petitioner Evan K. Lowther's Petition under

28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody

("Petition"). ECF No. 1. The Court has reviewed the Petition pursuant to Rule 4

of the Rules Governing Section 2254 Cases in the United States District Courts

("Habeas Rule[s]"). Because the Petition fails to (1) name a proper respondent,

and (2) show that Lowther's claims are timely, fully exhausted, and based on

federal law, it appears that Lowther "is not entitled to relief in the district court."

Habeas Rule 4. The Petition is DISMISSED with leave to amend to allow Lowther

to cure its deficiencies and show cause why this action should not be dismissed.

# I. **BACKGROUND**[1]

Lowther challenges his 2001 conviction for burglary in the first degree in violation of Hawaiʻi Revised Statutes ("HRS") § 708-810, robbery in the second degree in violation of HRS § 708-841, and kidnapping in violation of HRS § 707-720.  ECF No. 1 at 1.  Lowther pleaded guilty to these offenses and was sentenced to ten years' imprisonment both for burglary in the first degree and robbery in the second degree, and twenty years' imprisonment for kidnapping, with all terms to run concurrently.  Lowther says he did not appeal from his judgment of conviction, which was entered on August 21, 2001.  Lowther is currently incarcerated at the Halawa Correctional Facility.

Lowther states that he filed a petition seeking post-conviction relief pursuant to Hawaiʻi Rule of Penal Procedure ("HRPP") 40 in the First Circuit Court, and he says that that matter is pending.

Lowther signed the Petition on September 16, 2020, and the Court received it on September 23, 2020.  Lowther asserts that:  (1) he did not fully understand his

---

[1] These facts are taken from the Petition and the Hawaiʻi State Judiciary database in *State v. Lowther*, No. 1PC001001877 (Haw. 1st Cir. Ct.), https://www.courts.state.hi.us (follow "eCourt Kokua"; then follow "Case Search" for Case ID 1PC001001877) (last visited Sept. 28, 2020).  *See United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (acknowledging that courts may take "notice of proceedings in other courts . . . if those proceedings have a direct relation to matters at issue" (citations omitted)); Fed. R. Evid. 201(b).

plea agreement because he had been under the influence of narcotics and medications (Ground One); (2) his court-appointed counsel did not "cross examine the State's only witness," a co-defendant (Ground Two); (3) he should have been discharged from parole in 2010 (Ground Three); and (4) the HCF is not equipped to protect him if there is an outbreak of COVID-19. ECF No. 1 at 5–10.

## II. LEGAL STANDARD

The Court is required to screen all actions brought by prisoners who seek any form of relief, including habeas relief, from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). Habeas Rule 4 requires the Court to dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

When screening a habeas petition, the Court must accept the allegations of the petition as true and construe the petition in the light most favorable to the petitioner. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984); *see also Corjasso v. Ayers*, 278 F.3d 874, 878 (9th Cir. 2002) ("*Pro se* habeas petitioners may not be held to the same technical standards as litigants represented by counsel." (citations omitted)). "It is well-settled that '[c]onclusory allegations which are not supported by a statement of specific facts

3

do not warrant habeas relief,'" however.  *Jones v. Gomez*, 66 F.3d 199, 204 (9th

Cir. 1995) (quoting *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994)).  "[T]he

petitioner is not entitled to the benefit of every conceivable doubt; the court is

obligated to draw only reasonable factual inferences in the petitioner's favor."

*Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010) (citation omitted).  Even a pro

se petitioner must give fair notice of his claims by stating the factual and legal

elements of each claim in a short, plain, and succinct manner.  *See Mayle v. Felix*,

545 U.S. 644, 649 (2005) ("Rule 8 . . . requires only 'a short and plain statement,'"

while "Rule 2(c) of the Rules Governing Habeas Corpus Cases requires a more

detailed statement.").  Allegations that are vague, conclusory, or palpably

incredible, and that are unsupported by a statement of specific facts, are

insufficient to warrant relief and are subject to summary dismissal.  *See Blackledge*

*v. Allison*, 431 U.S. 63, 76 (1977) (citing *Herman v. Claudy*, 350 U.S. 116, 119

(1956)); *see also Jones*, 66 F.3d at 204–05 (citing *James*, 24 F.3d at 26).

## III.  DISCUSSION

There are several problems with the Petition that must be cured before the

Court can order it served on Respondent.  First, a petitioner seeking a writ of

habeas corpus must name the state officer having custody of him as the respondent

to the petition.  *See* Habeas Rule 2(a); *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894

(9th Cir. 1996); *Stanley v. Cal. Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994).

The correct respondent is a petitioner's "immediate custodian," who is normally the warden of the facility in which the petitioner is incarcerated.  *See Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (citation omitted).  If Lowther elects to proceed with this action, he is DIRECTED to file an amended petition naming the state official with the ability to release him from custody.

Second, Lowther says that his HRPP 40 petition remains pending before the First Circuit Court as of the date of this Order.  Before a state prisoner may challenge his conviction or sentence in federal court he must fully exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue sought to be raised in federal court.  *See* 28 U.S.C. § 2254(b)–(c); *Granberry v. Greer*, 481 U.S. 129, 134 (1987); *McNeeley v. Arave*, 842 F.2d 230, 231 (9th Cir. 1988).  If state remedies have not been exhausted, the district court must dismiss the petition.  *See Rose v. Lundy*, 455 U.S., 509, 510 (1982); *Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988).  Lowther must clarify the procedural posture of his HRPP 40 petition or explain why exhaustion should be waived.

Third, a one-year statute of limitation applies to applications for writs of habeas corpus, subject to certain tolling conditions. *See* 28 U.S.C. § 2244(d)(1);[2] *id.* § 2244(d)(2) (tolling the statute while a "properly filed" State post-conviction petition is pending). Lowther's conviction became final after September 20, 2001, thirty days after the circuit court entered judgment. He then had until on or before September 20, 2002, to file a timely federal habeas petition. *See* 28 U.S.C. § 2244(d)(1)(A). The Petition appears time-barred on its face and is subject to

_____

[2]  Under 28 U.S.C. § 2244(d)(1), there is a one-year period of limitation on an application for writ of habeas corpus by a person in custody pursuant to a state court judgment. The limitation period runs from the latest of—

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such by State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

dismissal absent equitable tolling.[3]  It is Lowther's burden to demonstrate that his

claims are not time-barred, however, and the Petition does not suggest any bases

for tolling.

Fourth, Lowther fails to allege "that he is in custody in violation of the

Constitution or laws or treaties of the United States," because he fails to allege any

facts or specific Constitutional or statutory provisions in support of his claims.  *See*

28 U.S.C. § 2254(a).  Habeas Rule 2 requires a federal habeas petition to state the

facts that support each ground for relief.  *See* Habeas Rule 2(c)(2); *see also Mayle*,

545 U.S. at 654–55 (stating Habeas Rule 2(c) imposes a "more demanding"

pleading standard than the Federal Rules of Civil Procedure require for ordinary

civil cases).  A federal habeas petitioner "is expected to state facts that point to a

real possibility of *constitutional* error." *Wacht v. Cardwell*, 604 F.2d 1245, 1247

(9th Cir. 1979) (internal quotation marks and citation omitted) (emphasis added).

When, as here, a habeas claim makes only conclusory allegations, the petitioner is

not entitled to federal habeas relief.  *See James*, 24 F.3d at 26 ("Conclusory

allegations . . . [un]supported by a statement of specific facts do not warrant habeas

---

[3]  Equitable tolling is available when "extraordinary circumstances beyond a prisoner's control ma[d]e it impossible to file a petition on time." *Roy v. Lampert*, 465 F.3d 964, 968 (9th Cir. 2006) (citation omitted); *see also Holland v. Florida*, 560 U.S. 631 (2010).

relief." (citation omitted)); *see Jones*, 66 F.3d at 204–05 (citing *James*, 24 F.3d at 26). In Grounds One, Two, and Four, Lowther fails to say how he is being held in violation of the Constitution, laws, or treaties of the United States. In Ground Three, Lowther alleges that he was denied due process because the Hawaii Paroling Authority did not consider discharging him from parole in February 2020. He does not say when he was released on parole and, if his parole was revoked, when that occurred. Nor does he say how this petition is timely relative to any such revocation. If Lowther elects to proceed by filing an amended pleading, he must clarify the federal bases of his claims in Grounds One, Two, and Four, and allege facts in support of Ground Three.

## IV. <u>CONCLUSION</u>

(1) The Petition is DISMISSED with leave granted to amend on or before **November 2, 2020**. Failure to timely file an amended petition that cures the deficiencies noted above will result in dismissal of this action without prejudice.

(2) If Lowther elects to file an amended petition, he is ORDERED TO SHOW CAUSE why this action should not be dismissed. To show cause, Lowther must file an amended petition on court forms that (a) names a proper respondent; (b) clarifies the conviction and sentence that he challenges; and (c) explains the facts, federal bases, exhaustion, and timeliness of his claims.

(3) In the alternative, Lowther may NOTIFY the court in writing on or before **November 2, 2020**, that he is voluntarily dismissing this action.

(4)  The Clerk shall SEND Lowther a blank Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody so that he can comply with the instructions in this Order.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaiʻi, September 29, 2020.



Jill A. Otake
United States District Judge

*Lowther v. State of Hawaii*, Civil No. 20-00401 JAO-RT; ORDER TO SHOW CAUSE AND DISMISSING PETITION WITH LEAVE TO AMEND

9