IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| EVAN KIMOKEO LOWTHER, #A1039758,<br><br>Petitioner,<br><br>vs.<br><br>EDMUND HYUN,<br><br>Respondent. | Civil No. 20-00401 JAO-RT<br><br>ORDER DISMISSING AMENDED PETITION AND DENYING CERTIFICATE OF APPEALABILITY |

**ORDER DISMISSING AMENDED PETITION AND DENYING CERTIFICATE OF APPEALABILITY**

Before the Court is pro se Petitioner Evan K. Lowther's ("Lowther") Amended Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Amended Petition"). ECF No. 9. The Court has reviewed the Amended Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"). For the following reasons, the Court DISMISSES the Amended Petition and DENIES a certificate of appealability.

## I. <u>BACKGROUND</u>[1]

Lowther signed his original Petition on September 16, 2020, and the Court received it on September 23, 2020.  *See* ECF No. 1.  In his original Petition, Lowther challenged his 2001 conviction for burglary in the first degree in violation of Hawaiʻi Revised Statutes ("HRS") § 708-810, robbery in the second degree in violation of HRS § 708-841, and kidnapping in violation of HRS § 707-720.  ECF No. 1 at 1.  Lowther had pleaded guilty to these offenses and was sentenced to ten years' imprisonment both for burglary in the first degree and robbery in the second degree, and twenty years' imprisonment for kidnapping, with all terms to run concurrently.  Lowther did not appeal from his judgment of conviction, which was entered on August 21, 2001.  Lowther stated that he filed a petition seeking post-conviction relief pursuant to Hawaiʻi Rule of Penal Procedure ("HRPP") 40 in the First Circuit Court, and he said that that matter was pending.

On September 29, 2020, the Court issued an order to show cause and dismissed the original Petition with leave granted to amend.  ECF No. 7.  The

---

[1] These facts are taken from the original Petition, the Amended Petition, and the Hawaiʻi State Judiciary database in *State v. Lowther*, No. 1PC001001877 (Haw. 1st Cir. Ct.), https://www.courts.state.hi.us (follow "eCourt Kokua"; then follow "Case Search" for Case ID 1PC001001877) (last visited Oct. 20, 2020).  *See United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (acknowledging that courts may take "notice of proceedings in other courts . . . if those proceedings have a direct relation to matters at issue" (citations omitted)); Fed. R. Evid. 201(b).

Court identified four flaws in the original Petition that Lowther needed to remedy. First, the Court explained that Lowther failed to name the proper respondent. *Id.* at 4–5. Second, the Court explained that Lowther failed to show that he had fully exhausted his state judicial remedies because his HRPP 40 petition was still pending in the First Circuit Court. *Id.* at 5. Third, the Court noted that the original Petition appeared untimely because Lowther had until on or before September 20, 2002, to file a federal habeas petition, but he did not file the original Petition until September 16, 2020. *Id.* at 6–7. Finally, the Court explained that Lowther failed to allege any facts or specific Constitutional or statutory provisions in support of his claims. *Id.* at 7–8.

Lowther timely filed an Amended Petition naming as Respondent Edward Hyun, the chairman of the Hawaii Paroling Authority ("HPA") and temporary acting director of the Hawaii Department of Public Safety ("DPS"). ECF No. 9. Lowther asserts in his Amended Petition that: (1) his 2001 guilty plea was invalid (Ground One); (2) his trial counsel provided ineffective assistance (Ground Two); (3) beginning in 2010, he should have been brought before the HPA for consideration for discharge from parole (Ground Three);[2] and (4) Hawaii's prisons

---

[2] In dismissing the original Petition, the Court noted Lowther's claim that he should have been brought before the HPA for consideration for discharge from parole in 2010. *See* ECF No. 7 at 3. That the eighth page of the Order refers to 2020 instead of 2010 is a typographical error. *See id.* at 8.

are unconstitutionally overcrowded (Ground Four).  *Id.* at 5–11.  Lowther also submitted a four-page letter in support of his Amended Petition.  ECF No. 11.  Lowther is currently incarcerated at the Waiawa Correctional Facility.

## II.  **LEGAL STANDARD**

The Court is required to screen all actions brought by prisoners who seek any form of relief, including habeas relief, from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  Habeas Rule 4 requires the Court to dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  *Clayton v. Biter*, 868 F.3d 840, 845 (9th Cir. 2017) (quoting Habeas Rule 4) (other citation omitted).

When screening a habeas petition, the Court must accept the allegations of the petition as true and construe the petition in the light most favorable to the petitioner.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984); *see also Corjasso v. Ayers*, 278 F.3d 874, 878 (9th Cir. 2002) ("*Pro se* habeas petitioners may not be held to the same technical standards as litigants represented by counsel." (citations omitted)).  "It is well-settled that '[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief,'" however.  *Jones v. Gomez*, 66 F.3d 199, 204 (9th

4

Cir. 1995) (quoting *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994)). "[T]he petitioner is not entitled to the benefit of every conceivable doubt; the court is obligated to draw only reasonable factual inferences in the petitioner's favor." *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010) (citation omitted). Even a pro se petitioner must give fair notice of his claims by stating the factual and legal elements of each claim in a short, plain, and succinct manner. *See Mayle v. Felix*, 545 U.S. 644, 649 (2005) ("Rule 8 . . . requires only 'a short and plain statement,'" while "Rule 2(c) of the Rules Governing Habeas Corpus Cases requires a more detailed statement."). Allegations that are vague, conclusory, or palpably incredible, and that are unsupported by a statement of specific facts, are insufficient to warrant relief and are subject to summary dismissal. *See Blackledge v. Allison*, 431 U.S. 63, 76 (1977) (citing *Herman v. Claudy*, 350 U.S. 116, 119 (1956)); *see also Jones*, 66 F.3d at 204–05 (citing *James*, 24 F.3d at 26).

### III. DISCUSSION

**A.   Correct Respondent**

A petitioner seeking a writ of habeas corpus must name as respondent "the person who has custody over him[.]" 28 U.S.C. § 2242; *see* Habeas Rule 2(a) ("If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody."); *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004); *Smith v. Idaho*, 392 F.3d 350, 354 (9th Cir. 2004).

The Supreme Court has explained that "there is generally only one proper respondent to a given prisoner's habeas petition." *Padilla*, 542 U.S. at 434. This is the person "with the ability to produce the prisoner's body before the habeas court." *Id.* at 435 (citation omitted); *see Brittingham v. United States*, 982 F.3d 378, 379 (9th Cir. 1992) (per curiam) ("The proper respondent . . . is the petitioner's 'immediate custodian'"—that is, "the person having a day-to-day control over the prisoner"—because "[t]hat person is the only one who can produce 'the body' of the petitioner." (citations omitted)). Failure to name the petitioner's custodian as respondent deprives the district court of personal jurisdiction over the custodian. *See Smith*, 392 F.3d at 354–55.

"[L]ongstanding practice confirms that in habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Padilla*, 542 U.S. at 434 (citations omitted); *see Smith*, 392 F.3d at 354; *see also Stanley v. Cal. Sup. Ct.*, 21 F.3d 359, 360 (9th Cir. 1994) (stating that the proper respondent "typically is the warden of the facility in which the petitioner is incarcerated" (citation omitted)); Habeas Rule 2 advisory committee note (stating that if the petitioner is in prison due to the state

action he is challenging, "[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison)").[3]

Lowther is currently incarcerated at the Waiawa Correctional Facility ("WCF"). Lowther acknowledges that the proper respondent is the warden at the facility at which he is housed, but fears naming the WCF warden because he might be moved to another facility and this would "nullify[] [his] respondent." ECF No. 11 at 1. Indeed, shortly after Lowther filed his original Petition, he was transferred from the Halawa Correctional Facility ("HCF") to the WCF. *See id.*; ECF No. 1 (indicating Lowther's place of confinement as the Halawa Correctional Facility at the time he submitted his original Petition). According to Lowther, transfer of inmates who have pending litigation is "very common." ECF No. 11 at 1. Thus, rather than naming as Respondent the warden of the WCF, Lowther names Edward Hyun, the chairman of the HPA and temporary acting director of the DPS.

---

[3] Prior to *Padilla*, the Ninth Circuit said that, for cases arising in California, the state officer having custody of a petitioner may be either the warden of the institution in which the petitioner is incarcerated or the chief officer in charge of state penal institutions. *See Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894–96 (9th Cir. 1996); *see also Eisermann v. Penarosa*, 33 F. Supp. 2d 1269, 1271–72 (D. Haw. 1999) (noting the petitioner's efforts to "name[] the Hawaii official with the power to 'produce the prisoner'" in the light of his being transferred multiple times, and substituting the name of the Hawaii Director of Public Safety for an improperly named respondent to avoid "put[ting] form over function" and "frustrat[ing] the ends of justice").

Notably, although Lowther claims that Hyun has "the ability to release [him] from custody," ECF No. 11 at 2, he fails to explain how Hyun qualifies as his "immediate custodian" or how he has "day-to-day control" over him, *see Brittingham*, 982 F.3d at 379; *Padilla*, 542 U.S. at 439–40. The Court therefore finds no reason to abandon the default rule in this matter. *See Padilla*, 542 U.S. at 434. Regardless, even if the Court were to either allow Lowther to proceed against Hyun or substitute as Respondent the warden of the WCF, the Amended Petition must still be dismissed for the following reasons.

**B.     Exhaustion of Remedies**

In general, the court is unable to grant federal habeas relief when a petitioner has failed to exhaust his claims in state court. *See* 28 U.S.C. § 2254(b)(1)(A). "The exhaustion requirement affords state courts the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Murray v. Schriro*, 882 F.3d 778, 807 (9th Cir. 2018) (citations and internal quotation marks omitted). Thus, before a state prisoner may challenge his conviction or sentence in federal court he must fully exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue sought to be raised in federal court. *See* 28 U.S.C. § 2254(b)–(c); *Granberry v. Greer*, 481 U.S. 129,

133–34 (1987); *McNeeley v. Arave*, 842 F.2d 230, 231 (9th Cir. 1988) (per curiam).

This exhaustion requirement is not satisfied if there is a pending post-conviction proceeding in state court that is not procedurally barred. *See Sherwood v. Tomkins*, 716 F.3d 632, 634 (9th Cir. 1983); *see also Schnepp v. Oregon*, 333 F.2d 288, 288 (9th Cir. 1964) (per curiam) (explaining that petitioner failed to exhaust his remedies because post-conviction proceeding was pending in state court); *Gray v. Netherland*, 518 U.S. 152, 161 (1996) (The exhaustion requirement of 28 U.S.C. § 2254(b) "is satisfied if it is clear that the habeas petitioner's claims are now procedurally barred under state law." (brackets, internal quotation marks, and citation omitted)). If a habeas petition raises only unexhausted claims, the court must dismiss the petition. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to exhaust." (citation omitted)).

Here, Lowther claims that all four grounds in his Amended Petition are included in a pending HRPP 40 petition before the First Circuit Court. ECF No. 9 at 5–11. Lowther admits that he did not file a direct appeal, explaining that after his conviction at 18 years old, his attorney "vanished," he had no idea as to what or

9

how to appeal, and did not know what were HRPP 40 and habeas petitions. ECF No. 11 at 2. Lowther's reasons as to why he did not directly appeal his conviction may be relevant to the viability of the relief requested in his HRPP 40 petition, which suggests that a state court avenue remains for his claims. *See, e.g.*, HRPP 40(a)(3) ("Except for a claim of illegal sentence, an issue is waived if the petitioner knowingly and understandingly failed to raise it and it could have been raised before the trial, at the trial, on appeal, in a habeas corpus proceeding or any other proceeding actually conducted, or in a prior proceeding actually initiated under this rule, and the petitioner is unable to prove the existence of extraordinary circumstances to justify the petitioner's failure to raise the issue. There is a rebuttable presumption that a failure to appeal a ruling or to raise an issue is a knowing and understanding failure."); *Briones v. State*, 74 Haw. 442, 848 P.2d 966 (1993) (reversing the trial court's denial of the petitioner's Rule 40 petition due to defense counsel's failure to raise appealable issue, which "fell below the competency standard required of attorneys in criminal cases in our community and constituted ineffective assistance"). Lowther fails to explain why the exhaustion requirement should not apply in this matter given his pending HRPP 40 petition. Merely asking the Court to instead "waive[]" the requirement, ECF No. 11 at 2, is not enough. *See Schnepp*, 333 F.2d at 288. The Court therefore DISMISSES the Amended Petition because Lowther fails to show that his claims are exhausted.

## C.     Statute of Limitations

Moreover, a one-year statute of limitations applies to applications for writs of habeas corpus, subject to certain tolling conditions.  *See* 28 U.S.C. § 2244(d)(1).[4]  Lowther's conviction became final after September 20, 2001, thirty days after the circuit court entered judgment.  *See* Hawai'i Rules of Appellate Procedure 4(b)(1).  He then had until on or before September 20, 2002, to file a timely federal habeas petition.  *See* 28 U.S.C. § 2244(d)(1)(A).  Because Lowther

---

[4]  Under 28 U.S.C. § 2244(d)(1), there is a one-year period of limitation on an application for writ of habeas corpus by a person in custody pursuant to a state court judgment.  The limitation period runs from the latest of—

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such by State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

did not sign the original Petition until September 16, 2020, this matter is time-barred and is subject to dismissal absent statutory or equitable tolling.

Statutory tolling applies while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see Wall v. Kholi*, 562 U.S. 545, 550–51 (2011). Although Lowther claims that his HRPP 40 petition is pending in the First Circuit Court, he does not say when he filed that petition.[5] *See* ECF No. 11 at 2. Lowther fails, therefore, to show that statutory tolling is warranted under 28 U.S.C. § 2244(d)(2).

Equitable tolling is available only when "extraordinary circumstances beyond a prisoner's control ma[d]e it impossible to file a petition on time." *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006) (citation omitted); *see also Holland v. Florida*, 560 U.S. 631, 649 (2010). The extraordinary circumstances must be the cause of the untimeliness. *See Roy*, 46 F.3d at 969. A petitioner seeking equitable tolling therefore bears the burden of showing that: (1) "he diligently pursued his rights"; and (2) "an extraordinary circumstance prevented a timely filing." *Doe v. Busby*, 661 F.3d 1001, 1011 (9th Cir. 2011) (citing *Holland*, 560 U.S. at 649) (other citation omitted).

---

[5] The docket of *State v. Lowther*, No. 1PC001001877 (Haw. 1st Cir. Ct.) does not appear to show a filed HRPP 40 petition.

Lowther asserts that he was 18 years old when he was convicted and sentenced, claims that his counsel was "insuf[f]icient & inadequate," and claims that he had "no idea" how to challenge his conviction. ECF No. 11 at 2. Lowther fails to show, however, that he diligently pursued his rights between the date of his conviction and the filing of either his HRPP 40 petition or his original Petition. Nor does he explain why his age, counsel's performance, and ignorance of the law constitute extraordinary circumstances that prevented a timely filing. *See Ford v. Pliler*, 590 F.3d 782, 789 (9th Cir. 2009) (noting that the "extraordinary circumstances" standard "has never been satisfied by a petitioner's confusion or ignorance of the law alone"). Lowther fails to show, therefore, that equitable tolling applies. The Court also DISMISSES the Amended Petition because Lowther fails to show that it is timely.

### D.     Conditions of Confinement Claim

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under . . . 42 U.S.C. § 1983." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam); *see Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (en banc) (citing *id.*). "Challenges to the validity of any confinement . . . are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action." *Muhammad*, 540 U.S. at 750 (citation omitted).

Thus, an action under 42 U.S.C. § 1983 "is the exclusive vehicle for claims brought by state prisoners that are not within the core of habeas corpus." *Nettles*, 830 F.3d at 927.

Liberally construed, Lowther's Amended Petition includes four grounds: (1) his 2001 guilty plea was invalid; (2) his trial counsel provided ineffective assistance; (3) beginning in 2010, he should have been brought before the HPA for consideration for discharge from parole; and (4) Hawaii's prisons are unconstitutionally overcrowded. The first three grounds are within the core of habeas corpus and are properly raised in a § 2254 petition; the fourth is not.

In appropriate circumstances, courts have the discretion to convert a habeas petition to a prisoner civil rights complaint. *See Nettles*, 830 F.3d at 936 (holding that a district court has the discretion to construe a habeas petition as a civil rights action under 42 U.S.C. § 1983). Recharacterization is appropriate, however, only if the petition is "amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief," and only after the petitioner is warned of the "consequences of the conversion and provide[d] an opportunity . . . to withdraw or amend [the petition]." *Nettles*, 830 F.3d at 936 (citations omitted). The Court finds that recharacterization is inappropriate in this case for three reasons.

First, Lowther fails to state a claim upon which relief may be granted. A prison official violates the Eighth Amendment only when two requirements are met: (1) "the deprivation alleged [is], objectively, 'sufficiently serious'"; and (2) the prison official had a "'sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Wilson v. Seiter*, 501 U.S. 294, 297–98 (1991)) (other citations omitted). Allegations of overcrowding, alone, are insufficient to state a claim under the Eighth Amendment. *See Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 471 (9th Cir. 1989). "Only when overcrowding is combined with other factors such as violence or inadequate staffing does overcrowding rise to an [E]ighth [A]mendment violation." *Id.* (citation omitted). Lowther alleges only that "overcrowding in a pandemic is unconstitutional." ECF No. 9 at 10. He alleges no facts suggesting that conditions at the HCF or the WCF denied him or are denying him the "minimal civilized measure of life's necessities." *Farmer*, 511 U.S. at 834 (citation omitted). Lowther's conclusory allegations are insufficient to state a claim. *See Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982) (explaining that "conclusory allegations of official participation in civil rights violations" are insufficient to state a claim (citations omitted)).

Second, prisoner civil rights actions under 42 U.S.C. § 1983 are subject to different requirements than are federal habeas proceedings, including higher filing

fees.  The filing fee for a prisoner civil rights complaint proceeding in forma pauperis is $350.00 compared to the s*ubstantially lower $5.00 filing fee* for habeas petitions.  *See* 28 U.S.C. § 1914(a).  The $350.00 fee may be deducted in full over time from a qualified prisoner's prison trust account.  *See* 28 U.S.C. § 1915(b)(1).  Lowther may be unwilling to pay the considerably higher filing fee for a civil rights action.

Finally, the Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The exhaustion requirement applies to all claims relating to prison life that do not implicate the duration of a prisoner's sentence.  *See Porter v. Nussle*, 534 U.S. 516, 532 (2002) (citation omitted).  A prisoner must exhaust his administrative remedies prior to filing suit, not during the pendency of suit.  *See McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam).  Exhaustion is not left to the discretion of the court; it is mandatory.  *See Woodford v. Ngo*, 548 U.S. 81, 85 (2006).  Although Lowther claims that he has filed a grievance regarding overcrowding in Hawaii's prisons, he does not say how that grievance was resolved.  Nor does he claim that he sought further review of any adverse response he received.  It appears, therefore, that Lowther has not

exhausted his administrative remedies. The Court therefore declines to recharacterize the action.

## IV. **CONCLUSION**

(1) The Amended Petition is DISMISSED.

(2) To the extent Lowther raises a conditions of confinement claim that does not impact the duration or fact of his detention, that claim is DISMISSED without prejudice to raising the claim in a civil rights action, once Lowther has exhausted his administrative remedies.

(3) Lowther cannot make a substantial showing that reasonable jurists would find the dismissal of his Amended Petition either debatable or incorrect, therefore any request for a certificate of appealability is DENIED. *See Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012); Habeas Rule 11(a).

IT IS SO ORDERED.

DATED: Honolulu, Hawai'i, October 27, 2020.



Jill A. Otake
United States District Judge